IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Brett D. McCrory, | Civil Action No. 2:13-CV-988-CWH-BHH |
| Plaintiff, | |
| | **REPORT AND RECOMMENDATION** |
| | **OF MAGISTRATE JUDGE** |
| vs. | |
| Bill C. Killough, | |
| Defendant. | |

This matter is before the Court on the defendant's motion to dismiss. [Doc. 10.] The plaintiff has plead a claim for professional negligence or malpractice. As discussed below, the Court believes that subject matter jurisdiction in this case, however, is wanting.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

### BACKGROUND

The plaintiff alleges that he was represented by the defendant, an attorney, with respect to the origination of a patent, No. 5453191. (Compl. at 1.) The plaintiff alleges that, in April 1994, the defendant modified certain paperwork to look as though the plaintiff's partner was the sole owner of the patent. *Id*. The plaintiff further alleges that the defendant failed to give him essential information about his rights under the patent. *Id*. The plaintiff contends that the patent was sold in April 2012, without his knowledge or permission, and that the defendant's malpractice with respect to the origination of the patent has cost him millions. *Id*.

**APPLICABLE LAW**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)).

**DISCUSSION**

**I.    Subject Matter Jurisdiction**

The defendant has moved for dismissal of the plaintiff's case on various grounds, some of which will be discussed below.  There is, however, a preeminent concern for the Court's consideration: whether there is any subject matter jurisdiction for the plaintiff's claims.

Neither party has raised the matter.  But, it is well understood that federal courts are courts of limited jurisdiction, *see  Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction.  *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th

Cir.1998). Importantly, the district court may *sua sponte* consider the propriety of subject matter jurisdiction and remand a case to state court if federal jurisdiction is lacking. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir.2008).

This matter was originally filed in state court. [See Doc. 1.] The defendant removed the case to this Court, pursuant to 28 U.S.C. § 1338 and 28 U.S.C. §1445. *Id*. Respectively, those statutes give district courts original jurisdiction over, and make removable, "any civil action *arising under any Act of Congress relating to patents* . . . ." 28 U.S.C. §§ 1338,1445 (emphasis added). The issue, therefore, is whether the plaintiff's malpractice claim, related to a patent, "arises under" federal statutes relating to patents. There is a clear answer.

Specifically, the United States Supreme Court has recently and emphatically ruled that it is "comfortable concluding that state legal malpractice claims based on underlying patent matters will rarely, if ever, arise under federal patent law for purposes of § 1338(a)." *Gunn v. Minton*, 133 S.Ct. 1059, 1065 (2013).

In *Gunn*, the Supreme Court summarized that "[f]or statutory purposes, a case can 'aris[e] under' federal law in two ways." *Id*. at 1064. Most directly, a case arises under federal law when federal law creates the cause of action asserted. *See American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action"). It is undisputed that the plaintiff has not sued pursuant to any federal statute, in this case. Indeed, the defendant is adamant that only a state law malpractice claim is present.

The Supreme Court, however, has identified a "special and small category" of cases in which a state law claim has been plead but implicates a substantial federal issue. *See Gunn*, 133 S.Ct. at 1065-66; *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). For these matters, the claim is considered to have arisen under federal law and creates jurisdiction.

In those rare cases, the United States Supreme Court has articulated the following inquiry to determine whether a matter "arises under" federal law: Does the "state-law claim

necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities?" *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). Said again, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *See id.* Where all four of these requirements are met, the Supreme Court has held that jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts. *Id*. at 313–314.

      In this case, the plaintiff has alleged that the defendant

        1.    created paperwork, which the plaintiff did not sign off on;

        2.    failed to provide information and documentation concerning the patent;

        3.    failed to apprise the plaintiff of his rights under the patent; and

        4.    sold the patent without the plaintiff's knowledge.

(Compl. at 1.) These are not patent issues. None of the allegations invite serious inquiry into the underlying patent. Instead, they relate exclusively to the conduct and quality of representation of the defendant. There is no federal patent issue, therefore, "actually disputed." *Grable*, 545 U.S. at 314. In fact, it is conceivable that the case might not implicate any substantive patent law issue at all.

      But, even if a court had to "answer a question of patent law to resolve [the plaintiff's] legal malpractice claim, [its] answer will have no broader effects" on patent jurisprudence. *Gunn*, 133 S. Ct. at 1066. This case involves a specific fiduciary dispute between a lawyer and his client. "It is not enough that the federal issue be significant to the particular parties in the immediate suit." *Id*. Indeed, in *Gunn*, the case actually involved an attorney's alleged failure to raise a patent-specific defense in a prior suit; the United States Supreme Court rejected that even consideration of the applicability of that federal defense was

insufficient to characterize the case as arising under federal patent law. *Gunn*, 133 S. Ct. at 1063.

Whatever federal issue is present, therefore, in this case, it is simply not legally "substantial." *Id*. ("The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole.") As a result, there is no "serious federal interest in claiming the advantages thought to be inherent in a federal forum," *Grable*, 545 at 313. And, this is not the sort of case that poses a threat to the federal courts' interest in a uniform body of patent law or requires particular expertise in a novel area. *See Gunn*, 133 S. Ct. at 1067.

The Court does not see any federal patent issue in this case. But, even if one, or some, are present, the Supreme Court has already disqualified this kind of malpractice action as creating federal jurisdiction.[1]

The case, therefore, should be remanded pursuant to 28 U.S.C. 1447(c) for lack of subject matter jurisdiction. *See Ellenburg v. Spartan Motors Chassis, Inc*., 519 F.3d 192, 196 (4th Cir.2008).

## II.    Malpractice Claim

If the district court rejects the recommendation as to remand, however, the undersigned would make the following alternative recommendation. Namely, the undersigned agrees with the defendant that the plaintiff has failed to file the necessary expert affidavit with his malpractice claim.

Under South Carolina law, in an action for professional malpractice or negligence, a plaintiff is required, by statute, to include, with his Complaint, an expert affidavit supporting the claim:

> [I]n an action for damages alleging professional negligence against a professional licensed by or registered with the State of South Carolina and listed in subsection (G) . . . the plaintiff must file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the

---

[1] For this same reason, jurisdiction pursuant to 28 U.S.C. § 1331 is also improvident as no other federal law basis has been identified by the defendant or plead by the plaintiff.

factual basis for each claim based on the available evidence at the time of the filing of the affidavit.

*See* S.C Code § 15-36-100(B).

It is undisputed that the plaintiff has not filed any such affidavit. On response to the present motion, the plaintiff does not offer one or otherwise rejoin this objection to his lawsuit in any respect.

The courts of this district have been consistent to dismiss cases for the failure to file a contemporaneous expert affidavit, without leave to amend. *See Oakman v. Lincare Inc.*, 2013 WL 3549848, at *4 & n.4 (D.S.C. 2013.) Indeed, "[i]f an affidavit is not filed within the period specified in this subsection or as extended by the trial court and the defendant against whom an affidavit should have been filed alleges, by motion to dismiss filed contemporaneously with its initial responsive pleading that the plaintiff has failed to file the requisite affidavit, the complaint is subject to dismissal for failure to state a claim." S.C. Code § 15-36-100(C)(1). As stated, the plaintiff has not requested leave to procure and file any affidavit or otherwise shown good cause for failing to do so in the first instance. *See id.* This District's Bankruptcy Court has emphasized the lack of discretion in any decision to dismiss for failure to file the required affidavit. *See In re Steinmetz*, 2011 WL 4543894, at *3 (Bankr. D.S.C. March 18, 2011).

As previously discussed, the allegations in this case sound exclusively in professional malpractice and negligence. (See Compl. at 1.) An expert affidavit, providing colorable corroboration of the plaintiff's view, therefore, was required.

The defendant has raised some other objections to the Complaint including a statute of limitations defense. The Court need not specifically reach them for its other recommendations but would not agree that they justify dismissal.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion be DENIED and the entire case be remanded to state court pursuant to 28 U.S.C. § 1447(c). In the alternative, the defendant's motion to dismiss [Doc. 10] should be GRANTED and the plaintiff's case be dismissed *with prejudice*.

IT IS SO RECOMMENDED.

                                            s/Bruce H. Hendricks
                                            United States Magistrate Judge

November 22, 2013
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).