IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Brett D. McCrory,                         )
                                          )    Civil Action No. 2:13-988-CWH
                    Plaintiff,            )
                                          )
        vs.                               )
                                          )    **ORDER**
Bill C. Killough,                         )
                                          )
                    Defendant.            )
_____ )

This matter is before the Court upon the report and recommendation ("R&R") of United States Magistrate Judge Bruce Howe Hendricks recommending that the case be remanded for lack of subject matter jurisdiction, or alternatively, that the case be dismissed with prejudice because the plaintiff failed to file the necessary expert affidavit with his legal malpractice claim. For the reasons set forth below, the Court adopts the R&R's first recommendation and therefore finds no reason to address its alternative recommendation.

### I. BACKGROUND

The plaintiff, Brent D. McCrory (the "plaintiff"), a pro se litigant, alleges that he was represented by the defendant, attorney Bill C. Killough (the "defendant"), with respect to the origination and execution of a patent, No. 5453191. (Compl.). According to the plaintiff, the defendant breached his fiduciary duty by denying the plaintiff his "rights to pursue monetary gains [from his] 50% ownership in patent [No.] 5453191." (Compl.). He alleges that in April 1994, the defendant not only altered paperwork to make it appear as though the plaintiff's partner was the sole owner of the patent, but also executed paperwork relating to the patent without the required signature of the plaintiff. (Compl.). The plaintiff contends that "[t]he above charge for breach of fiduciary duty took place in the city of Charleston[,] [South Carolina] between April 4,

1994 through April 9, 2012,"—when the patent was sold without his knowledge or permission—
and that as a result of the defendant's malpractice, the plaintiff has lost out on millions of dollars
to which he was entitled.  (Compl.).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  Strawn v. AT&T Mobility LLC, 530
F.3d 293, 296 (4th Cir. 2008) (citation omitted).  A defendant removing a case to federal court
bears the burden of establishing that federal jurisdiction is proper.  See Ellenburg v. Spartan
Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008).  Because a district court is charged with
ensuring that all cases before it are properly subject to such jurisdiction, In re Bulldog Trucking,
Inc., 147 F.3d 347, 352 (4th Cir. 1998), a district court may sua sponte remand a case to state
court if federal jurisdiction is lacking.  Ellenburg, 519 F.3d at 196.  Furthermore, "the court must
'strictly construe the removal statute and resolve all doubts in favor of remanding the case to
state court,' indicative of the reluctance of federal courts 'to interfere with matters properly
before a state court.'"  Gallagher v. Fed. Signal Corp., 524 F. Supp. 2d 724, 726 (D. Md. 2007)
(quoting Richardson v. Phillip Morris Inc., 950 F. Supp. 700, 701-02 (D. Md. 1997) (internal
quotation marks omitted)).  If there is any doubt regarding the existence of federal jurisdiction,
the case should be remanded.  Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th
Cir. 2005) (citation omitted); see also Lever v. Jackson Nat'l Life Ins. Co., No. 3:12-cv-03108-
MBS, 2013 WL 436210, at *1 (D.S.C. Feb. 5, 2013) (stating "[i]f federal jurisdiction is doubtful,
a remand is necessary.") (quoting Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151
(4th Cir. 1994)).



## III.  DISCUSSION

The magistrate judge makes only a recommendation to the Court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  Id. at 271.  The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made.  28 U.S.C. § 636(b)(1).  The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions.  Mathews, 423 U.S. at 270-71; Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).  The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings.  Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985).  The Court "may accept, reject, or modify, in whole or in part," the R&R, "or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

### A.  THE DEFENDANT'S OBJECTION

The defendant has objected to Section I of the R&R ("Subject Matter Jurisdiction") on the ground that the magistrate judge incorrectly determined that federal subject matter jurisdiction is lacking in this case.  (Def.'s Objection, In Part, to R&R; ECF No. 20).  According to the defendant, the plaintiff's legal malpractice claims are "inextricably intertwined with, and arise out of, federal patent laws[,]" and therefore jurisdiction is proper pursuant to 28 U.S.C. § 1338(a).[1]  (Def.'s Objection, In Part, to R&R 8).  The defendant argues that "[t]his case involves an exclusively federal area of law and regulation, and the federal system has a compelling interest in insuring that claims concerning professional conduct before the [U.S. Patent and

---

[1] "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights." 28 U.S.C. § 1338(a).



Trademark Office (USPTO)] are decided by federal courts." (Def.'s Objection, In Part, to R&R 2). In support of this argument, the defendant relies on <u>Sperry v. Florida ex rel. Fla. Bar</u>, 373 U.S. 379 (1963) for the proposition that "states have <u>no</u> interest in or right to regulate the conduct of professionals engaging in practice before the USPTO," and therefore the plaintiff's state law legal malpractice claim must be heard in federal court. (Def.'s Objection, In Part, to R&R 10) (citing <u>Sperry</u>, 373 U.S. at 385 ("No State law can hinder or obstruct the free use of a license granted under an act of Congress.")) (citation omitted) (internal quotation marks omitted).

This Court is not persuaded by the defendant's argument, and instead agrees with the magistrate judge's determination that the United States Supreme Court's recent decision in <u>Gunn v. Minton</u> controls this case. Most notably, the Court in <u>Gunn</u> unequivocally announced that it was "comfortable concluding that state legal malpractice claims based on underlying patent matters will rarely, <u>if ever</u>, arise under federal patent law for purposes of § 1338(a)." <u>Gunn v. Minton</u>, 568 U.S. ---, 133 S. Ct. 1059, 1065 (2013) (emphasis added).

As the Supreme Court recognized in <u>Gunn</u>, "[f]or statutory purposes, a case can 'aris[e] under' federal law in two ways." <u>Id.</u> at 1064 (alteration in original). First, and most frequently, a case arises under federal law when a federal law creates the cause of action asserted. <u>See Am. Well Works Co. v. Layne & Bowler Co.</u>, 241 U.S. 257, 260 (1916). Second, and far less often, a case based on state law claims may fall within the "special and small category" of cases where the Court has held that arising under jurisdiction still lies. <u>Empire Healthchoice Assurance, Inc. v. McVeigh</u>, 547 U.S. 677, 699 (2006). In those rare instances, the Court has established that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting

the federal-state balance approved by Congress." Gunn, 133 S. Ct. at 1065 (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)). Where a defendant fails to demonstrate any one of these four elements, the case must be remanded. See Gunn, 133 S. Ct. at 1065.

The magistrate judge aptly summarized the plaintiff's allegations as follows: "the defendant (1) created paperwork, which the plaintiff did not sign off on; (2) failed to provide information and documentation concerning the patent; (3) failed to apprise the plaintiff of his rights under the patent; and (4) sold the patent without the plaintiff's knowledge." (R&R 4). As correctly noted in the R&R, "[t]hese are not patent issues. None of the [plaintiff's] allegations invite serious inquiry into the underlying patent." (R&R 4). The defendant attempts to distinguish the present case from Gunn by arguing that the plaintiff's claims "implicate . . . the practice of patent law before the USPTO, an area that has never been within the ambit of state law." (Def.'s Objection, In Part, to R&R 12). He contends that practice before the USPTO is "extensively regulated under the Code of Federal Regulations [("CFR")][,]" (Id. 14), and therefore the "relevant considerations in analyzing whether an attorney [acted] in conformity with the governing standard of care . . . will come from federal, not state, law and regulation." (Def.'s Objection, In Part, to R&R 1415). According to the defendant, the Supreme Court's decision in Sperry commands this Court to exercise jurisdiction in this case because the "'special responsibility' of regulating the practice of law before the USPTO [is reserved for] the federal government, not the states." (Def.'s Objection, In Part, to R&R 12).

Like the claim in Gunn, however, the plaintiff's claim is primarily one of state law legal malpractice that only tangentially implicates federal patent laws. The paucity of federal issues in this case is further highlighted by the fact that many of the provisions of the CFR relied upon by

the defendant simply incorporate an attorney's common law fiduciary duties into federal regulations. See 37 C.F.R. §§ 10.1, et seq. (Representation of Others Before the Patent and Trademark Office); see also Lice Lifters, LLC v. Barrack, No. 12-5777, 2013 WL 1907755, at *4 (E.D. Pa. May 8, 2013) (finding that Gunn prevented exercising subject matter jurisdiction over plaintiff's breach of fiduciary duty claim for defendant attorney's conduct before the USPTO, despite assertion that claim arose under and was governed by the CFR).

The fundamental issue presented by the plaintiff's allegations is a factual one—whether the defendant's conduct before the USPTO amounted to a breach of his duties as an attorney. Thus, to the extent resolution of a federal patent question would be required, the inquiry would be fact-specific and relevant only to the immediate parties. The Supreme Court has emphasized that "[s]uch 'fact-bound and situation specific' effects are not sufficient to establish federal arising under jurisdiction." Gunn, 133 S. Ct. at 1068 (quoting McVeigh, 547 U.S. at 701. Therefore, although there is no doubt that "resolution of a patent issue in the context of a state legal malpractice claim can be vitally important to the particular parties in that case[,] . . . something more, demonstrating that the question is significant to the federal system as a whole, is needed." Gunn, 133 S. Ct. at 1068. Despite the defendant's contentions, the Court agrees with the magistrate judge's conclusion that 'something more' is absent in this case, and therefore jurisdiction is lacking.

## IV. CONCLUSION

The Court has carefully reviewed the R&R. In addition, the Court has thoroughly studied the entire record, the pertinent case law, and the objections to the R&R. For the reasons set forth in this Order, the Court adopts Part I of the R&R (ECF No. 18) and remands the case to the

Court of Common Pleas for the Ninth Judicial Circuit of the State of South Carolina, Charleston

County.

**AND IT IS SO ORDERED.**

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

March **10**, 2014
Charleston, South Carolina